Yunhong DING, individually and as next friend of Shiyang Ding, a minor, and Daniel Shiwen Ding, a minor, Plaintiffs–Appellants,

v.

John ENGLER, et al., Defendants–Appellees.

No. 02–1817.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

34

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

*ORDER*

Yunhong Ding appeals the district court judgment dismissing his civil rights complaint filed under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Ding sued Michigan Governor John Engler, Attorney General Jennifer Granholm, Secretary of State Candice Miller, Michigan Department of Civil Rights Director Nanette Reynolds, and four employees of the Bureau of Automotive Regulation (BAR): Rodger James, David Kilgren, Walt Curtis and Ann Tear Allen. Ding filed the complaint in his own name and on behalf of his minor children Shiyang Ding and Daniel Shiwen Ding. Ding alleged that the defendants failed to respond appropriately to his consumer complaint about repairs to his car. Defendants Engler, Granholm, Miller and Reynolds moved to dismiss the case for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The district court considered matters outside the pleadings, treated the motion as one for summary judgment, *see* Fed.R.Civ.P. 12(c), and granted summary judgment to all of the defendants. The court held that Ding had not produced any evidence of discrimination, conspiracy, or intentional infliction of emotional distress.

In his timely appeal, Ding argues that the district court erred by: (1) accepting

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

the defendants' version of the facts; and (2) finding that Ding failed to sufficiently allege violations of constitutional rights and the intentional infliction of emotional distress.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. According to Ding's complaint, he is a citizen of the People's Republic of China and came to Michigan as a visiting scholar in 1995. In 1997, he took his 1987 Nissan Sentra to a garage in Ann Arbor. Michigan, for repair. Believing the repair shop had defrauded him, Ding filed a complaint with the BAR. Defendant Allen investigated Ding's complaint for the BAR, and concluded that the complaint could not be substantiated. The BAR did find, though, that the mechanic who worked on Ding's car had let his certification lapse. Ding contacted Allen several times during the course of the investigation, and contacted Governor Engler, Secretary of State Miller, and Attorney General Granholm after the BAR completed its investigation. The BAR's report included the notation that "Ding would have wanted a properly certified mechanic to perform the repairs on the 1987 Nissan Sentra." Ding claimed that this statement was false, and that the BAR made the statement to inflict severe emotional distress on him. Ding claimed that the defendants fraudulently treated him, harmed him, tortured him, and wrecked him.

The defendants were entitled to a judgment as a matter of law. First, Ding had no § 1983 claim because his allegations did not implicate any federal right. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Second, Ding's allegations did not support a claim under § 1985 or § 1986. The documents in the record show that the defendants thoroughly investigated Ding's complaint and attempted to address his concerns. Despite the defendants' efforts, Ding remained convinced that the garage had cheated him and that the defendants' failure to find any wrong-doing meant that they were part of the conspiracy against him. Ding's vague and conclusory allegations were unsupported by material facts and are not sufficient to state a conspiracy claim. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996). Because Ding had no claim under § 1985, he also had no cause of action under § 1986. *See Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir.1990). Accordingly, the defendants were entitled to judgment in their favor on Ding's § 1985 and § 1986 claims.

Third, the district court properly granted summary judgment to the defendants on Ding's § 1981 and § 1982 claims. Ding's allegations that the defendants negligentlyor intentionally failed to properly investigate his complaint about his car do not fall within either provision. *See Christian v. Wal–Mart Stores, Inc.,* 252 F.3d 862, 867–68 (6th Cir.2001) (§ 1981); *United States v. Brown,* 49 F.3d 1162, 1166 (6th Cir.1995) (§ 1982). Finally, the defendants were entitled to summary judgment on Ding's claim of intentional infliction of emotional distress. Ding presented no proof that the defendants engaged in any extreme or outrageous conduct or that they intentionally or recklessly caused him emotional distress. *See Roberts v. Auto–*

*Owners Ins. Co.*, 422 Mich. 594, 374 N.W.2d 905, 908 (1985).

Ding did not produce evidence in support of any of his claims on which a jury could reasonably find for him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.